IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES A. HENSON, JR., | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-16-3404 |
| STEVEN J. MILLER, *et al.*, | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

Pending is a motion to dismiss or, in the alternative, for summary judgment filed by defendants Correctional Officer II Steven Miller, Correctional Officer II Nicholas Soltas, Correctional Officer II Jesse Lambert, and Correctional Officer II Christopher Anderson.[1] ECF 25. Plaintiff was informed by the court, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that failure to file a response in opposition to the motions filed by defendants could result in dismissal of the complaint. ECF 26. Plaintiff has filed an opposition response. ECF 27. The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, defendants' motion for summary judgment shall be granted.

### Background

Plaintiff, a state inmate currently confined at the North Branch Correctional Institution (NBCI), filed the instant civil rights complaint on October 11, 2016, alleging that between June and September, 2016, defendants, correctional officers employed at NBCI, gave an inmate plaintiff's litigation history. ECF 1, p. 3. He alleges that divulging this information created a risk of harm to him. *Id.*

---

[1] Defendants' motion for extension of time to respond to the complaint (ECF 20) is granted nunc pro tunc.

## Applicable Legal Standards

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the Plaintiff's complaint. *See Edwards v. Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The Supreme Court articulated the proper framework for analysis:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (*abrogated on other grounds*). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Board of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g.*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n.1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327(1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnotes omitted).

This standard does not require defendant to establish "beyond doubt" that plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.* at 561. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 562. The court need not, however, accept unsupported legal allegations, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *see Papasan v. Allain*, 478 U.S. 265, 286 (1986), or

2

conclusional factual allegations devoid of any reference to actual events, *see United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of showing that there is no genuine issue as to any material fact. However, no genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof. *Celotex*, 477 U.S. at 322-23. Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility to confront the summary judgment motion with an affidavit or other similar evidence showing a genuine issue for trial.

Summary judgment is appropriate under Rule 56(a) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact and the moving party is plainly entitled to judgment in its favor as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, the Supreme Court explained that, in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." 477 U.S. at 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla" of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

This court has previously held that a "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F. Supp. 2d 373, 375 (D. Md. 2001) (citation omitted). Indeed, this court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

**Analysis**

Defendants raise the affirmative defense of non-exhaustion and assert the complaint must be dismissed pursuant to 42 U.S.C. § 1997e. Inmates are required to exhaust "such administrative remedies as are available" before filing an action. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, _U.S. _, 136 S. Ct. 1850, 1858 (2016) (An inmate "must exhaust available remedies, but need not exhaust unavailable ones."). The statute provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). "[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008).

Exhaustion is mandatory. *Blake*, 136 S. Ct. at 1857; *Jones v. Bock*, 549 U.S. 199, 219 (2007). A court may not excuse a failure to exhaust. *Blake*, 136 S. Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion")). The purpose of exhaustion is to 1) allow a prison to address complaints about the program it administers before being subjected to suit; 2) reduce litigation to the extent complaints are satisfactorily resolved; and 3) prepare a useful record in the event of litigation. *Jones*, 549 U.S. at 219. An inmate's failure to exhaust administrative remedies is an affirmative defense; defendant bears the burden of proving that he had remedies available to him of which he failed to take advantage. *Jones*, 549 U.S. at 211–12, 216; *Moore*, 517 F.3d at 725.

In *Blake*, the Supreme Court of the United States identified three kinds of circumstances in which an administrative remedy is unavailable. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." 136 S. Ct. at 1859. Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. The third circumstance

arises when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

In Maryland, filing a request for administrative remedy ("ARP") with the warden of the prison is the first of three steps in the ARP process. *See* Code of Md. Regs. ("COMAR"), tit. 12 § 07.01.04. The ARP request must be filed within 30 days of the date on which the incident occurred or within 30 days of the date the inmate first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR, tit. 12 § 07.01.05A. If the request is denied, a prisoner has 30 calendar days to file an appeal with the Commissioner of Correction. COMAR, tit. 12 § 07.01.05C. If the appeal is denied, the prisoner has 30 days to file a grievance with the Inmate Grievance Office. *See* Md. Corr. Servs., Code Ann. §§ 10-206, 10-210; COMAR, tit. 12 §§ 07.01.03 and 07.01.05B.

Complaints are reviewed preliminarily by the Inmate Grievance Office ("IGO)"). *See* Md. Code Ann., Corr. Servs. § 10-207; COMAR, tit. 12 § 07.01.06A. If a complaint is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. Md. Code Ann., Corr. Servs. § 10-207(b)(1); *see* COMAR, tit. 12 § 07.01.07B. The order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. Md. Code Ann., Corr. Servs. § 10-207(b)(2)(ii). However, if a hearing is deemed necessary by the IGO, the hearing is conducted by an administrative law judge with the Maryland Office of Administrative Hearings. *See* Md. Code Ann., Cts. & Jud. Proc. § 10-208(c); COMAR tit. 12 § 07.01.07-.08. The conduct of such hearings is governed by statute. *See* Md. Code Ann., Corr. Servs. § 10-208.

A decision of the administrative law judge denying all relief to the inmate is considered a final agency determination. However, a decision concluding that the inmate's complaint is

wholly or partly meritorious constitutes a recommendation to the Secretary of DPSCS, who must make a final agency determination within fifteen days after receipt of the proposed decision of the administrative law judge. *See* Md. Code Ann., Corr. Servs. § 10-209(b)-(c).

The final agency determination is subject to judicial review in Maryland State court, so long as the claimant has exhausted his/her remedies. *See* Md. Code Ann., Corr. Servs. § 10-210. An inmate need not seek judicial review in State court in order to satisfy the PLRA's administrative exhaustion requirement. *See, e.g., Pozo*, 286 F.3d at 1024 ("[A] prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court.").

The undisputed evidence demonstrates that on September 27, 2016, plaintiff filed an administrative remedy (ARP) concerning the events outlined in his complaint. ECF 25-2, p. 10. Plaintiff was directed to resubmit the ARP by October 12, 2016, with specific times and dates regarding the allegations. *Id.* Plaintiff resubmitted the ARP on October 10, 2016, but failed to include the requested information. *Id.*, pp. 11-12. The ARP was dismissed for failing to supplement as directed. *Id.*

On October 4, 2016, before the ARP was dismissed, plaintiff appealed the dismissal to the Commission of Correction (Headquarters Appeal). *Id.*, p. 13. The appeal was dismissed for failure to follow the instructions regarding supplementing the ARP at the institutional level. *Id.* Plaintiff instituted this case on October 11, 2016. ECF 1. He filed a second appeal regarding the denial of his ARP on October 14, 2016, which was dismissed for the same reasons as the first. ECF 25-2, pp. 16-17.

On November 4, 2016, plaintiff filed a grievance with the IGO. *Id.*, pp. 18-31. The IGO dismissed plaintiff's grievance on February 9, 2017, finding that it stated "bald assertions and conclusory statements" that were "wholly lacking in merit." *Id.*, p. 32.

Although plaintiff filed an opposition response to the dispositive motion (ECF 27), he does not dispute that he failed to properly and fully exhaust his claim before bringing this case. "Exhausting administrative remedies after a complaint is filed will not prevent a case from being dismissed for failure to exhaust administrative remedies." *Kitchen v. Ickes*, 116 F. Supp. 3d 613, 624 (D. Md. 2015) (citing *Neal v. Goord*, 267 F.3d 116, 121–22 (2d Cir. 2001)). Moreover, exhaustion is a precondition to filing suit in federal court. *Kitchen*, 116 F. Supp. 3d at 625 (citing *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (prisoner may not exhaust administrative remedies during the pendency of a federal suit)). As plaintiff failed to exhaust his administrative remedies prior to instituting his complaint, the complaint shall be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss or, in the alternative, for summary judgment will be GRANTED and judgment will be ENTERED in favor of defendants and against plaintiff. A separate Order follows.

Dated this 15 day of Dec., 2017.

FOR THE COURT:

*/s/ James K. Bredar*
James K. Bredar
Chief Judge